Battle, J.
 

 His Honor was undoubtedly correct in bolding that tbe actionable words proved by tbe witness Duckett to have been spoken by tbe defendant, six months before the commencement of the suit, could not be taken into consideration by the jury, for the purpose of ascertaining what was said to Worley and wife, in the State of Georgia. The testimony of Duckett, as his Honor very properly stated, could be used only to show malice, and enhance the damages, after words actionable in themselves had been proved to have been uttered by the defendant of the plaintiff, within the time of limitation. The question then is, whether the words spoken in Georgia, less than six months before the writ was issued, as testified by Worley and wife, were in themselves actionable
 
 1
 
 The defendant’s counsel contends that they were not, because they did not refer to any judicial proceeding, so as to show that the crime of perjury was imputed to the plaintiff; and, in support of his argument, the counsel refers to the cases of Holt v. Scholfield, 6 Term Rep. 691; Brown v. Dula, 3 Murp. Rep. 574. In the latter case, it was said by Chief Justice Tayloe, that “ it is established by a long series of cases, that, to say a man is foresworn, or that he has taken a false oath, generally and without reference to some judicial proceeding, is not actionable, and the reason is, that, in the latter cáse, a perjury is charged, for which, were the charge true, the party would be liable to be indicted and punished; in the other, a breach of morality is imputed, of which the law does not take cognizance. The declaration in the case did not aver any colloquium, but stated merely that the defendant spoke of the plaintiff, “ these false, scandalous, malicious and defamatory words; that is to say,
 
 he swore a lie, and I can prove it,
 
 meaning thereby that the said plaintiff had committed wilful and corrupt perjury.” The facts, as they appeaiv ed upon the trial, were, that the plaintiff and one Allison were standing toucher, when the defendant walked up, and address
 
 *498
 
 ing himself to Allison, said, “ You are a good man, and I like yon, but that man (pointing to the plaintiff) is a rascal; he swore to a lie against me, and I can prove it.” Allison was well acquainted with the parties, and had heard that, upon the trial of an indictment against the. defendant, in Wilkes Court, the plaintiff had been examined as a witness for the State, and the record of the prosecution was given in evidence. A verdict was rendered for the plaintiff, subject to the opinion of the Court upon the question, whether the words were actionable. The Court was of opinion that, as the declaration did not set forth any
 
 colloquium
 
 to which
 
 the.inuendo
 
 could have reference, the words were not actionable, and gave judgment accordingly, which upon appeal was affirmed in this Court, upon the ground that in a charge of false swearing, unless from the accompanying Words it is clear that a judicial forswearing was meant, the plaintiff must show upon the record, that the defendant alluded to some particular forswearing, which amounted to perjury.”
 

 It is manifest that the judgment in favor of the defendant was founded upon the want of an averment in the declaration, that there was a colloquium, referring to a false swearing in a judicial proceeding. The same objection was made and prevailed in the case of Holt v. Scholfield. In both cases, had there been proper averments in the declaration, the plaintiff, respectively, could, have recovered upon the proofs. ' Thus, in the case of Sasser v. Rouse, 13 Ired. Rep. 142, Judge PeaesoN, in delivering the opinion of the Court, said, that “ the general rule is, words are to be taken in their ordinary acceptation, and it is the duty of the Court to decide whether they do or do not import a charge which is slanderous. An exception in favor of a plaintiff is, that though the words do not in their ordinary meaning import a slanderous charge,
 
 yet, if they are susceptible of such a
 
 meaning,
 
 and the plaintiff avers a fact,
 
 from which it may be inferred that they were used for the purpose of making the charge, upon proof of the averment, it should be left to the jury to say whether the defendant used the words in the sense imputed, or in the ordinary sense.” As an
 
 *499
 
 illustration, two examples are given: one of which is, that “ if there is an averment, that the plaintiff had been examined as a witness in Court, and the words are, “he is forsworn,” upon proof of the averment, it might be left to a jury whether the Word forsworn was used in the sense of having committed a perjury.” In the case before us, as the defendant did not require a formal declaration, we are to assume, according to the genera^ understanding of the profession, that the plaintiff’s declaration contains all the necessary averments, to wit, that there was a Cause pending in the County Court of Buncombe, in which A. B. Chunn was plaintiff and Brown and Clark defendants, and that the plaintiff was examined as a witness in said suit, and gave the testimony which the defendant charged to be a lie ; under such a declaration, we think, upon the principles established in the cases above referred to, that the testimony of Worley and Wife ought to have been submitted to the jury, together with the other testimony in the cause, for them to determine whether the defendant, in using the words, that “William D. Jones, (the plaintiff) swore to a lie, about serving a
 
 ca. sa.
 
 on Reuben Brown, and he could prove it, “ and that he swore to a lie in two other cases,” did not mean to refer to his swearing to a lie in the case of CiiuNN v. BeowN and CLARK, and thereby to impute the crime of perjury. In refusing to do this, his Honor erred, and for this error the judgment must be reversed, and a
 
 venire d» tiovo
 
 awarded.
 

 Pee, Curiam. Judgment reversed.